IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BALTAZAR GODOY-AGUIRRE,

    Plaintiff,

vs.

CHARLES GILKEY, et al.,

    Defendants.

CV F 03 5470 AWI WMW P

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

    Plaintiff is a former federal prisoner proceeding pro se. Plaintiff seeks relief pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971) and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff, formerly incarcerated at the Correctional Institution at California City, brings this civil rights action against defendants employed by the U.. Bureau of Prisons at California City. Plaintiff names the following individual defendants: Warden Charles Gilkey; former Warden Percy Pitzer; former intelligence officer James Restivo. Plaintiff's general claim is that his outgoing mail was opened by prison officials in the Special Intelligence Services

1  department.

2  Plaintiff more specifically alleges that he filed a grievance. In his grievance, he
3  advised the warden that he was not a member of any group that would cause prison authorities to
4  open his mail. Plaintiff had been advised that he as a member of a Security Threat Group which,
5  presumably, authorized the monitoring of his outgoing mail. Plaintiff contends that he was not
6  a part of any such group, and the conduct of defendants constitutes harassment.

7  Censorship of outgoing prisoner mail is justified if the following criteria are met:
8  (1) the regulation furthers "an important or substantial government interest unrelated to the
9  suppression of expression" and (2) "the limitation on First Amendment freedoms must be no
10 greater than is necessary or essential to the protection of the particular governmental interest
11 involved." Procunier v. Martinez, 416 U.S. 396, 413 (1974).

12 Plaintiff does not appear to challenge the justification of the censorship. There
13 appears to be no legal challenge to any regulation authorizing the censorship. Plaintiff is
14 challenging his classification as a member of a security threat group. In order to state a cause of
15 action for deprivation of procedural due process, a plaintiff must first establish the existence of a
16 liberty interest for which the protection is sought. In Sandin v. Connor, 515 U.S. 472 (1995), the
17 Supreme Court abandoned earlier case law which had held that states created protectable liberty
18 interests by way of mandatory language in prison regulations. Id. at 481-84. Instead, the Court
19 adopted an approach in which the existence of a liberty interest is determined by focusing on the
20 nature of the deprivation. Id. In doing so, the Court held that liberty interests created by prison
21 regulations are limited to freedom from restraint which "imposes atypical and significant
22 hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

23 To the extent that plaintiff is alleging that censorship of his mail was authorized without
24 due process of law, plaintiff fails to state a claim upon which relief may be granted under section
25 1983. Plaintiff has not established the existence of a liberty interest entitling him to procedural

26

due process. The censorship of outgoing mail and outgoing telephone calls with the announcement that the mail and calls originated from a state prison simply does not "impose atypical and significant hardship on the [plaintiff] in relation to the ordinary incidents of prison life." Id. at 484. Because plaintiff does not have a liberty interest in being free from the censorship of his mail, plaintiff is not entitled to any procedural due process protections with respect to such censoring. The complaint therefore fails to state a claim for relief and must be dismissed. Plaintiff will, however, be granted leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file an

amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:**   August 29, 2005            /s/  William M. Wunderlich
mmkd34                                  UNITED STATES MAGISTRATE JUDGE